**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH GOUGH,

Plaintiff,

v.

ALEDADE, INC.,

Defendant.

______________________________/

Case No. 2:25-cv-13887

UNITED STATES DISTRICT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 9]**

## I. INTRODUCTION

BEFORE THE COURT is Plaintiff Joseph Gough's Motion to Remand [ECF No. 9]. Upon review of the pleadings, record, and files herein, the Court finds that a hearing is not necessary to decide this matter and has determined the outcome on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons expressed below, Plaintiff's Motion to Remand [ECF No. 9] and corresponding request for costs and attorney fees is **DENIED**. Defendant's request for sanctions, costs, and attorney fees incurred in response to Plaintiff's motion is also **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant civil action against Defendant Aledade, Inc., in the Oakland County 6th Circuit Court on October 27, 2025. ECF No. 9-2, PageID.154. Plaintiff alleges state-law claims for (1) retaliatory discharge; (2) whistleblower retaliation; (3) age discrimination; (4) failure to pay wages; and (5) fraud. *Id.* at PageID.148–54. Plaintiff seeks damages exceeding $2,271,321.00. *Id.* at PageID.153. Plaintiff is a resident of Livingston County, Michigan, and is therefore a citizen of Michigan. *Id.* at PageID.135. Defendant was served with a copy of the summons and complaint on November 4, 2025, and timely filed a Notice of Removal on December 3, 2025. ECF No. 1, PageID.2, 5; ECF No. 9-4, PageID.189. Defendant based its removal on the Court's diversity jurisdiction. ECF No. 1, PageID.2; *see* 28 U.S.C. § 1332(a)(1).

Plaintiff filed the instant Motion to Remand on January 9, 2026, moving the Court to remand this case to the Oakland County 6th Circuit Court for lack of subject matter jurisdiction and to direct Defendant to pay the costs and attorney fees incurred because of removal. ECF No. 9, PageID.123–24. Plaintiff argues that this Court lacks subject matter jurisdiction because Plaintiff and Defendant are both citizens of Michigan, which fails to meet the complete-diversity requirement for federal cases arising under diversity jurisdiction. *Id.* at PageID.118–19; *see* 28 U.S.C. § 1332(a)(1).

Defendant filed its response to Plaintiff's motion on January 23, 2026, requesting that this Court dismiss Plaintiff's motion on the basis that Defendant is a citizen of Delaware and Maryland. ECF No. 12, PageID.331. Defendant also requests that this Court impose sanctions on Plaintiff and award Defendant costs and attorney fees for Defendant's response on the basis that Plaintiff's motion was frivolous under Federal Rule of Civil Procedure 11. *Id.* at PageID.330–31. Defendant did not file a motion for sanctions separately from its response to Plaintiff's motion, and the record does not indicate that Defendant served Plaintiff a copy of a motion for sanctions prior to any request for sanctions filed with this Court. *See id.* Plaintiff did not submit a reply.

Plaintiff's initial complaint alleged that Defendant is incorporated in the state of Maryland and maintains its principal place of business in Oakland County, Michigan. ECF No. 9-2, PageID.135. After receiving Defendant's Notice of Removal, Plaintiff's Motion to Remand now concedes that Defendant is incorporated in the state of Delaware but nevertheless maintains that Defendant operates its principal place of business in Oakland County. *See* ECF No. 9, PageID.118–19.

Plaintiff provides the following support for his allegation that Defendant maintains its principal place of business in Oakland County and is thus a citizen of Michigan: (1) Defendant maintains an office located at 39555 Orchard Hill Place, Suite #445, Novi, MI 48375; (2) an executive employed by Defendant accepted

service of Plaintiff's summons and complaint at that office address;[1] (3) Defendant's website states that "Defendant directly employees [sic] many people within the state of Michigan"; (4) Defendant "services over 180 Primary Care Practices; 4 Community Health Centers; and 165,000 'Lives Under Management'" in Michigan; (5) Defendant's "largest and most successful acquisition" occurred in Michigan in 2024; (6) Defendant operates "Accountable Care Organizations (ACOs)" across multiple states, including Michigan;[2] (7) Defendant maintains more offices in Michigan than in any other state; and (8) "Defendant's footprint exploded to 180 practices and 164,000 lives throughout [Michigan] as a result of Plaintiff's tremendous success." *Id.* at PageID.119–23.

By contrast, Defendant asserts that it is incorporated in Delaware and that its principal place of business is its office in Bethesda, Maryland, at 4550 Montgomery Avenue, Suite #1050N, Bethesda, MD 20814. ECF No. 12, PageID.322, 325.

---

[1] Plaintiff identified Greg Laidlaw, Aledade, Inc.'s Senior Director of Customer Success, as the executive. *Id.* at PageID.119, ¶ 12.

[2] Plaintiff defines "Accountable Care Organizations (ACOs)" in accordance with the definition proposed by the Centers for Medicare and Medicaid Services as follows: "Groups of doctors, hospitals, and other health care professionals that work together to give patients high-quality, coordinated service and health care, improve health outcomes, and manage costs. ACOs may be in a specific geographic area and/or focused on patients who have a specific condition, like chronic kidney disease." *Id.* at PageID.120 n.1 (citing Elizabeth Fowler, Douglas Jacobs, Purva Rawal & Meena Seshamani, *Accountable Care and Accountable Care Organizations*, CMS.GOV (May 14, 2024), https://www.cms.gov/priorities-innovation-key-concepts-accountable-care-accountable-care-organizations [https://perma.cc/YMN9-QJZR]).

Defendant provided a Declaration stating that: (1) its business headquarters is its Bethesda office; (2) Defendant's Bethesda office "serves as the epicenter of [Defendant's] business;" (3) Defendant's "Chief Executive Officer, Co-Founder and President, Chief Policy Officer, and Chief Financial Officer are all based out of and/or in near proximity to" Defendant's Bethesda office, and that those individuals "serve as the highest-level decision makers for [Defendant's] operations"; (4) all of Defendant's critical operations for its 1,724 employees maintain the Bethesda office address; (5) the Bethesda office address is "recorded on all public facing communications as [Defendant's] principal office and place of business," including on Defendant's official correspondence and corporate records; (6) the Bethesda office "is frequently used as the meeting place and site for the company retreats"; and (7) "senior leadership teams" often use the Bethesda office for "various meetings and strategic deliberations throughout the year."[3] ECF No. 12-1, PageID.335.

## III. LEGAL STANDARD

### A. Removal and Federal Subject Matter Jurisdiction

At issue is Defendant corporation's citizenship and whether this Court maintains subject matter jurisdiction over the instant action. Defendant, as the removing party invoking this Court's federal diversity jurisdiction, "has the burden of demonstrating

[3] The Declaration was provided by Nikki Graham, Aledade Inc.'s Director for People Operations. ECF No. 12-1, PageID.334.

by competent proof that the complete-diversity and amount-in-controversy requirements are met." *See Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010)); *see also CH Holding Co. v. Miller Parking Co.*, 534 B.R. 308, 312 (E.D. Mich. 2015) (citing *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010)); 28 U.S.C. § 1332(a) (requiring the amount in controversy to exceed $75,000).

Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of each state in which it is incorporated, as well as the state in which it maintains its "principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," which is "the place where [the] corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 559 U.S. at 92–93. A corporation's "nerve center" is the corporation's primary headquarters and is a single office location. *Id.* at 93. The "nerve center" is "not simply an office where the corporation holds its board meetings," but instead must be "the actual center of direction, control, and coordination" of the corporation's activities. *Id.*

**B. Sanctions Under Federal Rule of Civil Procedure 11**

Federal Rule of Civil Procedure 11(b) allows sanctions to "be imposed if 'a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension,

modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay.'" *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988)); *see also Elsman v. Standard Fed. Bank*, 238 F. Supp. 2d 903, 908 (E.D. Mich. 2003) (first citing Fed. R. Civ. P. 11(b) (footnote omitted); and then citing *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002)). "The conduct of counsel who are the subject of a sanction request is measured by an objective standard of reasonableness under the circumstances." *Merritt*, 613 F.2d at 626 (citing *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)). "The court is 'expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" *Id.* (quoting *INVST Fin. Group, Inc.*, 815 F.2d at 401). "Good faith is insufficient to establish reasonableness."[4] *Elsman*, 238 F. Supp. 2d at 908 (citing *Mann v. G & G Mfr., Inc.,* 900 F.2d 953, 958 (6th Cir. 1990)).

---

[4] The principal purpose of Rule 11 is to deter frivolous and baseless filings. *Elsman*, 238 F. Supp. 2d at 908 (first citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); and then citing *Knestrick v. IBM*, 945 F. Supp. 1080, 1082 (E.D. Mich. 1996)). *But see Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997) (noting that Rule 11 "de-emphasizes monetary sanctions and discourages direct payouts to the opposing party." (citing Fed. R. Civ. P. 11 advisory committee's note to 1993 Amendment)).

Federal Rule of Civil Procedure Rule 11(c)(2) further provides, however, that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion . . . must not be filed or be presented to the court if the [offending document] is withdrawn or appropriately corrected within 21 days after service . . . ." Fed. R. Civ. P. 11(c)(2). A party seeking Rule 11 sanctions must therefore complete a two-step process: first, the party seeking sanctions must serve the opposing party with an independent Rule 11 motion for a designated period of not less than twenty-one days; and second, after the designated period has elapsed and the opposing party failed to withdraw or appropriately correct the offending document, the party seeking sanctions must then file the Rule 11 motion with the court. *Ridder*, 109 F.3d at 294. The imposition of Rule 11 sanctions is improper absent the completion of this two-step process.[5] *Id.* at 299.

## IV. DISCUSSION

### A. Diversity Jurisdiction

Here, Defendant has met its burden in establishing that its principal place of business is located in Bethesda, Maryland, and that the Court maintains diversity

[5] Under Federal Rule of Civil Procedure 11(c)(3), the Court may, on its own initiative, order a party, law firm, or attorney to show cause why specific conduct described in an order is not in violation of Rule 11(b). Fed. R. Civ. P. 11(c)(3). The Court declines to do so here.

jurisdiction over this action. Defendant offered considerable evidence that its highest-level corporate officers who direct, control, and coordinate its activities—including its Chief Executive Officer, Co-Founder and President, Chief Policy Officer, and Chief Financial Officer—are located at Defendant's Bethesda office, therefore making the Bethesda office its "nerve center." *See Hertz Corp.*, 559 U.S. at 92–93; *see also Mosher v. Rooto Corp.*, No. 4:13-cv-12431, 2013 WL 6163937, at *2–3 (E.D. Mich. Nov. 20, 2013) (finding that the defendant's principal place of business was the place where it maintained its headquarters, where its officers directed the company's operations, and where corporate management occurred); *Harshaw v. Bethany Christian Servs.*, 714 F. Supp. 2d 771, 791 (W.D. Mich. 2010). Plaintiff has supplied no evidence to the contrary. Furthermore, Plaintiff's mere contention that a single executive was at Defendant's Michigan-based office to receive service of process is insufficient to establish that Defendant's Michigan office is its "nerve center" and principal place of business. *See Hertz Corp.*, 559 U.S. at 92–93.

In addition, Defendant's designation of its Bethesda office as its headquarters "on all public facing communications," official correspondence, and corporate records further establishes that Defendant's Bethesda office is its principal place of business. *See id.* Indeed, an elementary review of Defendant's website clearly shows that its

Bethesda office is listed as its headquarters.[6] Plaintiff again has offered no evidence to the contrary. Moreover, Plaintiff's contentions that Defendant has many employees in Michigan; maintains more offices in Michigan than in any other state; services more than 180 Primary Care Practices, 4 Community Health Centers, and 165,000 "Lives Under Management" in Michigan; experienced its "largest and most successful acquisition" in Michigan; operates ACOs across multiple states, including Michigan; and that "Defendant's footprint exploded to 180 practices and 164,000 lives throughout [Michigan] as a result of Plaintiff's tremendous success" are all immaterial to the determination of the location of Defendant's principal place of business. *See id.* at 96 (noting that even if the "bulk of a company's business activities" takes place in another state, its principal place of business will still be in the state where its top officers direct its activities); *see also Beck v. United Parcel Serv., Inc.*, No. 4:23-CV-00026-JHM, 2023 WL 3216765, at *2 (W.D. Ky. May 2, 2023) ("Although UPS conducts a significant amount of business in Louisville and owns and operates . . . a 5.2 million square foot facility in Louisville, that does not mean Louisville is UPS's 'nerve center.'" (citing *DeVore v. United Parcel Serv. Co. (Air)*, No. 3:21-CV-478-DJH, 2023 WL 2658357, at *2 (W.D. Ky. Mar. 13, 2023))).

---

6 *See Physician-Led Value-Based Care*, ALEDADE, INC., https://aledade.com/ [https://perma.cc/Y6NW-7Y9B].

The parties do not dispute that Plaintiff is a citizen of Michigan, that Defendant was incorporated in Delaware, or that the amount in controversy exceeds $75,000. Thus, the complete-diversity requirement and the amount-in-controversy requirement for diversity jurisdiction are met. Plaintiff's request for attorney's fees and costs is therefore denied because "the Court will not remand the case to state court, [so] no award of fees is warranted." *Beck*, 2023 WL 3216765, at *2.

Any argument not addressed is without merit.

**B. Rule 11 Sanctions Improper**

Defendant did not comply with the two-step procedural requirement of Rule 11. *See* Fed. R. Civ. P. 11(c)(2); *Ridder*, 109 F.3d at 294. Specifically, Defendant failed to serve Plaintiff with a separate Rule 11 motion for a designated period of not less than twenty-one days prior to filing a separate Rule 11 motion with this Court. *See* Fed. R. Civ. P. 11(c)(2); *Ridder*, 109 F.3d at 294. An award of Rule 11 sanctions is therefore improper. *See Ridder*, 109 F.3d at 299.

## V. CONCLUSION

For the above reasons, Plaintiff's Motion to Remand and associated request for fees incurred because of removal are **DENIED**. Defendant's request for sanctions, costs, and attorney fees incurred in response to Plaintiff's motion is also **DENIED**.

**IT IS SO ORDERED.**

/s/ Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Judge

Dated: September 8, 2026